■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BELINDA HARLEY, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN WHITE, Respondent.—Order, Supreme Court, New York County (Martin J. Rettinger, J.), entered March 1, 1991, which suppressed physical evidence under indictment number 8163/90 charging defendants with criminal possession of a controlled substance in the third and fourth degrees, unanimously affirmed.

The hearing court properly granted defendants' motion to suppress the warrantless recovery of drugs from within a metal safe located in defendants' apartment premises. Once the pursuing police apprehended the fleeing suspected felon in the foyer area of the apartment, the officers had conducted a

protective sweep of the entire apartment premises and secured all occupants, the exigencies of hot pursuit circumstances ceased *(see, Arizona v Hicks,* 480 US 321, 325). The arresting officer's subsequent action of placing himself in a position to peer into the metal safe, the interior of which initially was not readily visible, constituted an intrusion unjustified by the exigent circumstances that validated the initial warrantless entry into the apartment *(supra).* The drugs in question, uncovered only when the officer reached into the safe and removed a sum of currency observed therein, clearly cannot be considered recoverable under the plain view doctrine *(see, People v Jackson,* 41 NY2d 146, 150). Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.